UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                               CASE NO. 8:22-cr-190-MSS-SPF

ARNULFO RODRIGUEZ-MUNOZ

### UNITED STATES' SENTENCING MEMO

The United States of America, by and through its representative, the undersigned Assistant United States Attorney, submits this sentencing memorandum.

### BACKGROUND

On May 25, 2022, a federal grand jury returned a five-count indictment charging Arnulfo Rodriguez-Munoz, Enrique Velasquez, Heriberto Castillo, and David Ceballos with conspiracy to distribute and possession with intent to distribute controlled substances.

On June 2, 2023, Rodriguez-Munoz pleaded guilty to Count One, conspiracy with intent to distribute cocaine, and Counts Three through Five, possession with intent to distribute cocaine.

### FACTS

Defendant Rodriguez-Munoz was part of a conspiracy to distribute narcotics in the Middle District of Florida. First, in June 2021, Rodriguez-Munoz told a confidential source (CS-1) that co-Defendant Velasquez had 12 kilograms of cocaine. After further discussions with Rodriguez-Munoz in July, Rodriguez-Munoz gave CS-

1's number to Velasquez, who called CS-1 to say he had approximately ten kilograms of cocaine in Texas that he needed to distribute. In early August, Velasquez coordinated with co-Defendant Castillo to deliver 15 kilograms of cocaine to another confidential source posing as an associate of CS-1.

On September 7, 2021, Rodriguez-Munoz called CS-1 in a recorded conversation and said someone was coming to Florida to collect the outstanding debt from the 15 kilograms of cocaine. Rodriguez-Munoz instructed CS-1 to conceal the proceeds inside a semi-truck spare tire. Rodriguez-Munoz later said that Castillo was flying into Tampa and was then going to rent a pickup truck to pick up the tire, then provide it to a semi-truck to return it to Texas. Rodriguez-Munoz provided CS-1 a number to contact Castillo to coordinate the delivery. Investigators then arranged for an undercover agent to meet with Castillo. Investigators also prepared 15 bundles disguised as U.S. currency and concealed them inside a semi-truck tire. Castillo and the undercover agent discussed that the spare tire included payments for the 15 kilograms of cocaine.

Second, on the evening of August 25, 2021, Rodriguez-Munoz informed CS-1 that the "owners" of a delivery of a cocaine were in possession of the cocaine. The next morning, in recorded calls, Rodriguez-Munoz called CS-1 and asked CS-1 to provide a meet location so the "owners" could bring seven kilograms of cocaine. Once CS-1's associate collected the money for the seven kilograms of cocaine, the "owners" would release additional kilograms. The "owners" were also expecting upfront payment for least three kilograms of cocaine. Rodriguez-Munoz and CS-1

agreed to set up the meeting for late morning. Rodriguez-Munoz called CS-1 and said the "owners" will be driving a black Raptor truck and will meet with CS-1's associate in the vicinity of a Bradenton apartment complex. FHP stopped the black Raptor truck that had left a Bradenton Airbnb previously identified by law enforcement on SR-64 in Bradenton, FL; co-Defendant David Ceballos was the driver of the vehicle. A K-9 gave a positive alert to the smell of narcotics, and a search of the vehicle discovered six kilograms of cocaine concealed behind the rear seat of the Raptor.

Third, in mid-September 2021, Rodriguez-Munoz told CS-1 that he was planning to travel to Florida from Texas around September 20, 2021 to oversee the delivery of eight kilograms of cocaine. On September 20, 2021, Rodriguez-Munoz called CS-1 in the morning and said he was flying to Tampa that afternoon, as the cocaine had arrived in Orlando. On September 21, 2021, law enforcement conducted surveillance on Rodriguez-Munoz. After additional communications with CS-1, Rodriguez-Munoz drove to a shopping center in Bradenton with a Beef O' Brady's at 2pm. Rodriguez-Munoz entered and exited the restaurant several times, until meeting with the driver of a white Explorer around 4:30pm. Rodriguez-Munoz pointed to his rental car, a red Elantra, and the Explorer then parked next to the Elantra. The driver of the Explorer removed a large white box from the back of the Explorer and placed it in the rear passenger seat of the Elantra. Rodriguez-Munoz and the driver shook hands, and Rodriguez-Munoz returned to the restaurant. The exchange was captured by aerial video.

At around 5pm, CS-1 arrived at the restaurant. Forty minutes later, Rodriguez-Munoz and CS-1 exited the restaurant and went to the car, with CS-1 in the driver's seat. A few minutes later, FHP initiated a traffic stop on SR-64 near I-75, and a K-9 detected the odor of narcotics. FHP discovered the speaker box and found ten brick-shaped packages later identified as cocaine concealed inside a large black speaker. Rodriguez-Munoz claimed he just bought the speaker for $100 from a guy in a van while he was out to eat and that he thought the speaker was new.

## 18 U.S.C. § 3553(a) Factors

Counts One and Three and Four are punishable by a mandatory minimum term of imprisonment of 15 years up to life, a fine of not more than $10 million, a term of supervised release of at least 10 years, and a special assessment of $100 per felony count. Count Five is punishable by a mandatory minimum of 10 years up to life, a fine of not more than $10 million, a term of supervised release of at least 10 years, and a special assessment of $100 per felony count.[1]

Rodriguez-Munoz's total offense level is 32. Rodriguez-Munoz's prior record includes possession of a controlled substance with intent to distribute for which he

---

[1] As noted in the Government's Objection to the PSR (Dkt. 182, p. 25), undersigned counsel realized we had an error in the indictment and plea agreement with respect to Count Five for Rodriguez-Munoz. While Rodriguez-Munoz was expecting 8 kilograms of cocaine (see PSR, paragraph 32), the quantity recovered was measured by the DEA lab analyst as 4.9 kg +/- 0.2 kg. Accordingly, Count Five should have been charged under 21 U.S.C. 841(b)(1)(B)(ii), which would include (in this instance) a 10-year minimum, rather than a 15-year minimum. Undersigned has conferred with defense counsel about the issue. If the defense moves to withdraw the plea as to Count Five, the Government will not oppose, and the Government will then move to dismiss Count Five.
The dismissal of Count Five would have no affect on the offense level or guideline range.

received a sentence of 120 month. Dkt. 182, ¶ 53.  Rodriguez-Munoz's guideline range is between 151 and 188 months, and, for the reasons set forth in the PSR, he remains subject to the 15-year mandatory minimum.

    The sentence imposed by the Court must be one that adequately reflects the seriousness of the offense, promotes respect for the law, provides just punishment, and provides adequate deterrence to criminal conduct. Considering the prior federal controlled substance offense for which Rodriguez-Munoz received a 120-month sentence, the United States believes a guideline sentence of 180 months is appropriate.

                                          Respectfully submitted,

                                          ROGER B. HANDBERG
                                          United States Attorney

By:   */s/ Michael R. Kenneth*
      Michael R. Kenneth
      Assistant United States Attorney
      Florida Bar No. 44341
      400 North Tampa Street, Suite 3200
      Tampa, Florida 33602
      Telephone:   813-274-6000
      Facsimile:   813-274 6103
      E-Mail:  michael.kenneth@usdoj.gov

U.S. v. RODRIGUEZ-MUNOZ　　　　　　Case No.  8:22-cr-190-MSS-SPF

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel for the parties of record.

　　　　　　　　　　　　　　　　　*/s/ Michael R. Kenneth*
　　　　　　　　　　　　　　　　　Michael R. Kenneth
　　　　　　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　　　　　　Florida Bar No. 44341
　　　　　　　　　　　　　　　　　400 North Tampa Street, Suite 3200
　　　　　　　　　　　　　　　　　Tampa, Florida 33602
　　　　　　　　　　　　　　　　　Telephone:   813-274-6000
　　　　　　　　　　　　　　　　　Facsimile:   813-274 6103
　　　　　　　　　　　　　　　　　E-Mail:  michael.kenneth@usdoj.gov